**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ANGELA ROUGHT, as Personal Representative
of the Estate of Brandy Neibert, deceased

Plaintiff,

-vs-

Case No.
Hon.
Mag.

GRAND TRAVERSE COUNTY, and
SERGEANT SEAN GRIFFARD,
in his individual capacity,

Defendants.

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorney for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI 48082
(248) 341-0794
zrunyan@runyanlawgroup.com

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

**PLAINTIFF'S COMPLAINT**

NOW COMES Plaintiff, **Angela Rought**, Personal Representative of the Estate of Brandy Neibert, deceased, by and through her attorneys, **RUNYAN LAW GROUP**, and submits the following for her Complaint:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §§ 1988 and 12205.

3. This Court has jurisdiction to issue declaratory relief, and other relief under 28 U.S.C. §§ 2201 and 2202.

4. Venue is proper in the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Township of Reeder, County of Missaukee, State of Michigan.

## PARTIES

5. Plaintiff Angela Rought, Personal Representative of the Estate of Brandy Neibert, deceased, is a resident of the County of Antrim, State of Michigan.

6. Defendant Sergeant Sean Griffard, sued in his individual capacity, is a police officer employed by the Grand Traverse County Sheriff's Office and, by all information and belief, resides in the County of Grand Traverse, State of Michigan.

7. Defendant Grand Traverse County is a local public entity organized under the laws of the State of Michigan which operates, manages, and controls the Grand Traverse County Sheriff's Office.

## FACTUAL ALLEGATIONS

8. On or about October 5, 2023, officers from the Northern Michigan Mutual Aid Task Force Emergency Response Team ("ERT")[1] arrived at Plaintiff's[2] residence to execute an arrest warrant.

9. The ERT arrived with approximately ten officers equipped with tactical and protective gear including, but not limited to, riot shields, bullet proof vests, high powered weapons, and full-face masks.

10. At the time the ERT arrived, Plaintiff was inside of her residence, which was a travel trailer.

11. When officers arrived, Plaintiff was holding a kitchen knife.

12. While Plaintiff was in her trailer, officers pointed several weapons at her while they remained protected by riot shields.

13. Then, while Plaintiff was still in her trailer, Defendant Griffard shot Plaintiff in the chest with a 9mm handgun.

14. Defendant Griffard fired the shot from behind a police riot shield.

15. Defendant Griffard was outside of Plaintiff's trailer, and shot Plaintiff while she was inside her trailer.

---

[1] The ERT is a multi-jurisdictional team composed of several law enforcement agencies throughout Northern Michigan. Upon information and belief, the officers on scene were employed by Grand Traverse County and Missaukee County.

[2] Plaintiff refers to the decedent, Brandy Neibert.

16. Plaintiff did not pose an imminent risk of harm to Defendant Griffard, or any of the other officers on scene at the time Defendant Griffard shot her.

17. Plaintiff died from the gunshot wound to her chest.

18. As a direct and proximate result of Defendants' violations of Plaintiff's civil rights, Plaintiff died and thus her estate, by the Personal Representative, Angela Rought, has and will continue to suffer damages in the future, which include, but are not limited to:

a. Reasonable funeral and burial expenses;

b. Reasonable compensation for the pain and suffering undergone by Plaintiff while she was conscious during the time between she was shot and her death;

c. Loss of financial support;

d. Loss of service;

e. Loss of gifts or other valuable gratuities;

f. Loss of society and companionship; and

g. Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922

## CLAIMS FOR RELIEF

### COUNT I
### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION & 42 U.S.C. § 1983
***(Against Defendant Griffard)***

19. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

20. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments.

21. The Fourth Amendment of the U.S. Constitution protected Plaintiff from excessive force. The Fourteenth Amendment of the U.S. Constitution extends the Fourth Amendment's protections to the states.

22. Defendant Griffard is a "person," as defined under 42 U.S.C. § 1983, and as an agent of Grand Traverse County and the Grand Traverse County Sheriff's Office, was acting under the color of state law at all times relevant to this action.

23. By engaging in the above-described acts, Defendant, acting under color of law and with deliberate indifference, violated Plaintiff's right under the Fourth Amendment to the U.S. Constitution to be free from excessive force.

24. Plaintiff's right to be free from excessive force as described herein was clearly established at the time of the subject incidents.

25. Defendant acted intentionally, maliciously, and in reckless disregard of Plaintiff's rights.

26. As a direct and proximate cause and consequence of the unconstitutional acts described above, Plaintiff suffered and continues to suffer injuries, damages and losses as set forth herein.

27. Plaintiff is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II**
**ASSAULT & BATTERY**
***(Against Defendant Griffard)***

28. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29. At all relevant times the individual Defendant acted within the course and scope of their employment with the Grand Traverse County Sheriff's Office within the apparent scope of their agency as agents of the Grand Traverse County Sheriff's Office and Defendant Grand Traverse County.

30. The use of excessive force against Plaintiff amounted to an assault and battery upon Plaintiff and said assault and battery was committed without provocation, privilege, or justification.

31. As a direct and proximate result of the Defendant's intentional, deliberate and/or grossly negligent conduct, done either individually and/or while

acting in concert, Plaintiff did wrongfully suffer those damages and harm specifically enumerated above.

**COUNT III**
***MONELL* LIABILITY IN VIOLATION OF 42 U.S.C. §1983**
***(Against Defendant Grand Traverse)***

32. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

33. Plaintiff has been subjected to a deprivation of her constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

34. The foregoing rights were clearly established at the time of the violations.

35. The deprivations were caused by the series of deliberately indifferent policies, customs, and established practices, including inadequate training, by the Grand Traverse County, acting under the color of its statutory and legal authority, including but not limited to:

a. Implementing a policy and practice of imposing unnecessary and excessive force and/or unlawful search seizure and arrest;

b. Improperly training, authorizing, encouraging or directing officers on proper use of force.

c. Improperly training, authorizing, encouraging, or directing officers on illegal search, seizure, and arrest

d. Failing to investigate allegations of excessive force, illegal search, illegal seizure, and unlawful arrest.

e. Failing to discipline officers for violations of policy related to excessive force, illegal search, illegal seizure, and/or unlawful arrest.

36. These customs, policies, and practices of the Grand Traverse County Sheriff's Office, along with improper training, monitoring, instruction, direction, discipline, and supervision, were a moving force in the constitutional violations inflicted by the individual Defendant upon the Plaintiff.

37. This improper training, monitoring, instruction, direction, discipline, and supervision proximately caused the deprivation of Plaintiff's constitutional rights.

38. Plaintiff's federal constitutional claims are cognizable under 42 U.S.C. §1983.

39. As a direct and proximate result of the unconstitutional acts of the Defendants as alleged herein, Plaintiff has sustained a violation of his rights under the law and, as a result, is entitled to declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## DEMAND FOR RELIEF

Plaintiff requests that this Court:

a. Assert jurisdiction over this matter;

b. Enter judgment in favor of Plaintiff and against Defendants;

c. Award Plaintiff compensatory and punitive damages;

d. Award available under the Michigan Wrongful Death Act, MCLA § 600.2922.

e. Award costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and 12205; and

f. Grant other appropriate relief.

Respectfully submitted,

/s/ *Zachary T. Runyan*
Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794
Zrunyan@runyanlawgroup.com

Dated: October 1, 2026

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

ANGELA ROUGHT, as Personal Representative
of the Estate of Brandy Neibert, deceased

Plaintiff,

-vs-

GRAND TRAVERSE COUNTY, and
SERGEANT SEAN GRIFFARD,
in his individual capacity,

Defendants.

Case No.
Hon.
Mag.

ZACHARY T. RUNYAN (P83671)
**RUNYAN LAW GROUP**
Attorney for Plaintiff
31211 Jefferson Avenue
St. Clair Shores, MI 48082
(248) 341-0794
zrunyan@runyanlawgroup.com

**JURY DEMAND**

Plaintiff, by and through counsel, hereby requests a trial by jury in the above-captioned matter.

Respectfully submitted,

*/s/ Zachary T. Runyan*

Zachary T. Runyan (P83671)
**Runyan Law Group**
31211 Jefferson Ave.
St. Clair Shores, MI 48082
(248)-341-0794
Zrunyan@runyanlawgroup.com

Dated: October 1, 2026